UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSE JOHNSON, Jr., | No. 2:23-cv-1846 DJC DB P |
| Plaintiff, | |
| v. | ORDER |
| RICK M. HILL, et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding pro se, filed this civil rights action under 42 U.S.C. §1983. Before the court are plaintiff's complaint for screening and plaintiff's motion to proceed in forma pauperis. For the reasons set forth below, this court grants plaintiff's motion to proceed in forma pauperis, finds plaintiff states no claims for relief cognizable under §1983, and dismisses the complaint with leave to amend.

**IN FORMA PAUPERIS**

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. §1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. §1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and

1  forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly payments
2  of twenty percent of the preceding month's income credited to plaintiff's prison trust account.
3  These payments will be forwarded by the appropriate agency to the Clerk of the Court each time
4  the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. §
5  1915(b)(2).

**SCREENING**

**I.      Legal Standards**

   The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity.  See 28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b)(1) & (2).

   A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Franklin, 745 F.2d at 1227.  Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

   However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic, 550 U.S. at 555.  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S.

738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Dept. of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

**II.     Analysis**

**A. Plaintiff's Allegations**

While plaintiff filed his original complaint in 2023, he filed three amended complaints since then. Because an amended complaint supersedes prior complaints, this court screens plaintiff's most recent complaint, his third amended complaint (ECF No. 17[1]), filed July 8, 2024.. See E.D. Cal. R. 220

Plaintiff is incarcerated at Folsom State Prison. He complains of conduct that occurred there in early 2019. Plaintiff identifies as defendants: (1) Warden Rick Hill; (2) Correctional Sergeant Aguilar; (3) Correctional Lieutenant Beasley; (4) Correctional Lieutenant Benedyuk; (5) Correctional Officer ("CO") Herrera; (6) CO Fausel; (7) CO Montes; and (8) John Doe defendants.

Plaintiff alleges the following. On February 25, 2019, defendants Fausel and Herrera wrote Rules Violation Reports ("RVRs") regarding searches they conducted that day of plaintiff's

---

[1] Plaintiff labels this complaint his first amended complaint. However, it is the fourth complaint he filed in this case. Accordingly, this court identifies it as his third amended complaint.

1 cell. In Fausel's report they stated that a cell phone was found in plaintiff's cell but "no further
2 contraband" was found. However, Herrera reported that they found a controlled substance in
3 plaintiff's cell. Defendant Aguilar should have known both reports could not be correct.
4 However, Aguilar reviewed them and failed to properly investigate them. Plaintiff contends
5 Herrera planted the drugs in his cell.

6     Defendant Beasley falsely wrote in a report that plaintiff admitted to possessing the
7 controlled substance. Plaintiff repeatedly told investigating officers and others that Herrera
8 planted the drugs in his cell, but no one investigated his claim. Defendant Benedyuk, the hearing
9 officer on the controlled substance RVR, found plaintiff guilty after a hearing.

10     In November 2021, two CDCR Office of Internal Affairs Agents and two members of the
11 independent Inspector General's Office interviewed plaintiff and another inmate. Plaintiff told
12 them that Herrera had planted the drugs but they did not want to address the issue. In December
13 2021, plaintiff received a notice that their investigation was finalized.

14     Defendants Hill, Beasely, Benedyuk, Aguilar, Herrera, Fausel, and Montes, who
15 accompanied Fausel during the cell search, knew that the guilty finding would affect plaintiff's
16 upcoming hearing before the Parole Board. Plaintiff told the Parole Board that Herrera planted
17 the drugs and other officers covered up for him. On March 10, 2022, the Parole Board then
18 initiated an investigation into plaintiff's claim. At the time plaintiff signed his third amended
19 complaint on July 2, 2024, he had not been provided notice of the result of the investigation.

20     **B. Does Plaintiff State Claims Cognizable under §1983?**

21     First, this court finds that plaintiff fails to connect several defendants to any claims. Plaintiff
22 does not appear to allege wrongdoing by defendants Fausel or Montes. To state a claim against a
23 defendant, plaintiff must identify just what that defendant did that violated his rights. A general
24 statement that all defendants knew Herrera's report was false does not show specifically what
25 Fausel and Montes did.

26     With respect to plaintiff's claims against all defendants except defendant Hill, plaintiff is
27 advised that there is no due process right to be free from false disciplinary charges. The
28 falsification of a disciplinary report does not state a stand-alone constitutional claim. See Luster

v. Amezcua, No. 1:16-cv-0554-DAD-GSA-PC, 2017 WL 772141, at *5 (E.D. Cal. Feb. 27, 2017); Muhammad v. Rubia, No. C08-3209 JSW PR, 2010 WL 1260425, at *3 (N.D. Cal. Mar. 29, 2010) ("[A] prisoner has no constitutionally guaranteed immunity from being falsely or wrongly accused of conduct which may result in the deprivation of a protected liberty interest. As long as a prisoner is afforded procedural due process in the disciplinary hearing, allegations of a fabricated charge fail to state a claim under § 1983.") (internal citation omitted)), aff'd 453 F. App'x 751 (9th Cir. 2011)  Specifically, "the fact that a prisoner may have been innocent of disciplinary charges brought against him . . . does not raise a due process issue.  The Constitution demands due process, not error-free decision-making." Jones v. Woodward, No. 1:14-cv-2084-SAB(PC), 2015 WL 1014257, *2 (E.D. Cal. Mar. 6, 2015) (citing Ricker v. Leapley, 25 F.3d 1406, 1410 (8th Cir. 1994) and McCrae v. Hankins, 720 F.2d 863, 868 (5th Cir. 1983)).  Plaintiff fails to state a cognizable constitutional claim against these defendants.  While this court finds it unlikely plaintiff will be able to state a claim, plaintiff will be given the opportunity to amend the complaint to attempt to do so.

With respect to plaintiff's claim against defendant Hill, to state a failure-to-train claim plaintiff must show that "'in light of the duties assigned to specific officers or employees, the need for more or different training [was] obvious, and the inadequacy so likely to result in violations of constitutional rights, that the policy-makers . . . can reasonably be said to have been deliberately indifferent to the need.'" Clement v. Gomez, 298 F.3d 898, 905 (9th Cir. 2002) (quoting City of Canton, Ohio v. Harris, 489 U.S. 378, 390 (1989)).  Plaintiff must allege facts showing the failure to train resulted from a defendant's "deliberate" or "conscious" choice and that a sufficient causal connection exists between the supervisor's wrongful conduct and the alleged constitutional violation. Canell v. Lightner, 143 F.3d 1210, 1213 (9th Cir. 1998). Plaintiff's conclusory allegations that Hill failed to train the other defendants is not cognizable under §1983.

////

////

////

**CONCLUSION**

This court finds above that plaintiff fails to state any claims for relief cognizable under §1983. This court will dismiss the third amended complaint and give plaintiff leave to file a fourth amended complaint.

In a fourth amended complaint, plaintiff must address the problems with his third amended complaint that are explained above. Plaintiff is advised that in an amended complaint he must clearly identify each defendant and the action that defendant took that violated his constitutional rights. The court is not required to review exhibits to determine what plaintiff's charging allegations are as to each named defendant. If plaintiff wishes to add a claim, he must include it in the body of the complaint. The charging allegations must be set forth in the amended complaint so defendants have fair notice of the claims plaintiff is presenting. That said, plaintiff need not provide every detailed fact in support of his claims. Rather, plaintiff should provide a short, plain statement of each claim. See Fed. R. Civ. P. 8(a).

Any amended complaint must show the federal court has jurisdiction, the action is brought in the right place, and plaintiff is entitled to relief if plaintiff's allegations are true. It must contain a request for particular relief. Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right. Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation). "Vague and conclusory allegations of official participation in civil rights violations are not sufficient." Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

In an amended complaint, the allegations must be set forth in numbered paragraphs. Fed. R. Civ. P. 10(b). Plaintiff may join multiple claims if they are all against a single defendant. Fed. R. Civ. P. 18(a). If plaintiff has more than one claim based upon separate transactions or occurrences, the claims must be set forth in separate paragraphs. Fed. R. Civ. P. 10(b).

The federal rules contemplate brevity. See Galbraith v. County of Santa Clara, 307 F.3d 1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any

heightened pleading standard in cases other than those governed by Rule 9(b)"); Fed. R. Civ. P. 84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading). Plaintiff's claims must be set forth in short and plain terms, simply, concisely and directly. See Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8.

An amended complaint must be complete in itself without reference to any prior pleading. E.D. Cal. R. 220. Once plaintiff files an amended complaint, the original pleading is superseded. By signing an amended complaint, plaintiff certifies he has made reasonable inquiry and has evidentiary support for his allegations, and for violation of this rule the court may impose sanctions sufficient to deter repetition by plaintiff or others. Fed. R. Civ. P. 11.

For the foregoing reasons, and good cause appearing, IT IS HEREBY ORDERED as follows:

1. Plaintiff's requests for leave to proceed in forma pauperis (ECF Nos. 9, 15) are granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28U.S.C. §1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's third amended complaint (ECF No. 17) is dismissed with leave to amend.

4. Plaintiff is granted sixty days from the date of service of this order to file an amended complaint that complies with the requirements of the Federal Rules of Civil Procedure and the Local Rules of Practice. The amended complaint must bear the docket number assigned this case and must be labeled "Fourth Amended Complaint." Failure to file an amended complaint in accordance with this order may result in a recommendation that this action be dismissed.

////
////
////
////

5. The Clerk of the Court is directed to send plaintiff a copy of the prisoner complaint form used in this district.

Dated: July 30, 2024

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9/DB prisoner inbox/civil rights/S/john1846.scrn LTA