UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSE JOHNSON, JR., | No. 2:23-cv-01846 DJC SCR P |
| Plaintiff, | |
| v. | ORDER |
| RICK M. HILL, et al., | |
| Defendants. | |

    Plaintiff is incarcerated in state prison and proceeding pro se with a civil rights action under 42 U.S.C. § 1983. Plaintiff's second amended complaint ("SAC") is before the undersigned for screening under 28 U.S.C. § 1915A. For the reasons set forth below, the SAC does not state any cognizable claims for relief relating to the issuance of allegedly false RVRs. Plaintiff will be granted thirty (30) days to file a third amended complaint.

**STATUTORY SCREENING**

    The court is required to screen complaints brought by prisoners seeking relief against "a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). In performing this screening function, the court must dismiss any claim that "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." Id. § 1915A(b). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). The court may dismiss a claim as frivolous if it is based on an indisputably meritless

1

legal theory or factual contentions that are baseless. <u>Neitzke</u>, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See <u>Jackson v. Arizona</u>, 885 F.2d 639, 640 (9th Cir. 1989).

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555-557 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009). A claim upon which the court can grant relief has facial plausibility. <u>Twombly</u>, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Iqbal</u>, 556 U.S. at 678. When considering whether a complaint states a claim, the court must accept the allegations as true, <u>Erickson v. Pardus</u>, 551 U.S. 89, 93-94 (2007), and construe the complaint in the light most favorable to the plaintiff, <u>Scheuer v. Rhodes</u>, 416 U.S. 232, 236 (1974).

**PLAINTIFF'S COMPLAINT**

### I.     Factual Allegations

On February 25, 2019, plaintiff received a rules violation report ("RVR"), Log No. 7062182, for "Distribution of a Controlled Substance" authored by defendant Herrera. (ECF No. 25 at 6.) The same day, plaintiff received an RVR, Log No. 6604647, for "Possession of a Cellular Phone" authored by defendant Fausel. Plaintiff claims defendant Herrera's RVR was fraudulent and inconsistent with defendant Fausel's RVR. (Id. at 6-7.)

Plaintiff filed a 602 appeal two years and five months later that caused Herrera's RVR to be reissued and reheard. (ECF No. 25 at 7.) Defendant Fausel wrote a supplemental report stating that he searched plaintiff's cell with defendants Montes and Herrera. Plaintiff alleges this was a fraudulent report to cover up Herrera's wrongdoing. (Id.) Defendant Aguilar reviewed the RVR but failed to properly investigate and determine who was telling the truth. (Id. at 8.)

Also on February 25, 2019, defendant Beasley wrote a 128-B Chrono stating that plaintiff admitted the controlled substance was his. (ECF No. 25 at 8.) Plaintiff claims this chrono was

fraudulent and he never admitted such or signed the chrono. (Id.)

Defendant Benedyuk was the hearing officer who found plaintiff guilty on defendant Herrera's RVR. (ECF No. 25 at 8.) Plaintiff informed defendant Benedyuk during the hearing that defendant Herrera planted the alleged controlled substance in his cell and provided a copy of defendant Fausel's RVR that stated only a cell phone was found, but Benedyuk failed to investigate. (Id. at 8-9.)

Plaintiff filed a 602 about Herrera planting the drugs in his cell. (ECF No. 25 at 9.) He was interviewed by Internal Affairs agents on November 19, 2021, and denied possessing drugs. (Id.) Defendant Hill found no violations of CDCR policy. (Id. at 9, 128.)

Plaintiff alleges that all defendants knew or should have known he had an upcoming parole hearing on March 10, 2022. (ECF No. 25 at 10.) Plaintiff was denied parole for five years based on defendants Herrera's and Fausel's RVRs. (Id.) The parole board requested an investigation into plaintiff's allegations. Plaintiff was interviewed 3 or 4 times by Zoom but to date has not received a disposition. (Id.)

## II. Claims and Requested Relief

Plaintiff's SAC raises a § 1983 claim for fraud under the Eighth Amendment and claims for conspiracy to violate his civil rights under §§ 1985 and 1986. (ECF No. 25 at 11-12.) Plaintiff alleges he has suffered damages, including mental distress and denial of five years of parole. (Id. at 5, 13.) He requests a federal investigation, a declaratory judgment, and $37 million dollars in damages. (Id. at 15.)

## LEGAL STANDARDS

### I.    42 U.S.C. § 1983

A plaintiff may bring an action under 42 U.S.C. § 1983 to redress violations of "rights, privileges, or immunities secured by the Constitution and [federal] laws" by a person or entity, including a municipality, acting under the color of state law. 42 U.S.C. § 1983. To state a claim under 42 U.S.C. § 1983, a plaintiff must show that (1) a defendant acting under color of state law (2) deprived plaintiff of rights secured by the Constitution or federal statutes. Benavidez v. County of San Diego, 993 F.3d 1134, 1144 (9th Cir. 2021).

## II. Linkage

Section 1983 requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Services, 436 U.S. 658, 694 (1978); Rizzo v. Goode, 423 U.S. 362, 370-71 (1976). Plaintiff may demonstrate that connection by alleging facts showing: (1) a defendant's "personal involvement in the constitutional deprivation," or (2) that a defendant set "in motion a series of acts by others" or "knowingly refus[ed] to terminate a series of acts by others, which [the defendant] knew or reasonably should have known would cause others to inflict a constitutional injury." Starr v. Baca, 652 F.3d 1202, 1207-08 (9th Cir. 2011) (quotation marks and citation omitted).

## DISCUSSION

### I. Allegedly False RVRs

#### A. Eighth Amendment Analysis

The SAC alleges defendants' issuance of false RVRs constitutes fraud and cruel and unusual punishment under the Eighth Amendment. (ECF No. 25 at 10-11.) Courts have generally found that the "issuance of a false RVR, standing alone, does not support a claim of cruel and unusual punishment." Chappell v. McDowell, No. ED CV 2325 DMG PVC, 2023 WL 2559220, at *2 (C.D. Cal. Jan. 20, 2023) (collecting cases); Cauthen v. Rivera, No. 1:12-cv-1747 LJO DLB, 2013 WL 1820260, at *10 (E.D. Cal. Apr. 30, 2013) (same), report and recommendation adopted, No. 1:12-cv-1747 LJO, 2013 WL 3744408 (E.D. Cal. July 15, 2013). "[N]ot every governmental action affecting the interests or well-being of a prisoner is subject to Eighth Amendment scrutiny[.]" Whitley v. Albers, 475 U.S. 312, 319 (1986) (internal quotation marks and citation omitted); see also Farmer v. Brennan, 511 U.S. 825, 834 (1994) (setting forth the elements of a cruel and unusual punishment claim).

Accordingly, the undersigned finds that the allegedly false RVRs, standing alone, do not state cognizable claims for cruel and unusual punishment under the Eighth Amendment.

////

////

**B. Potential Due Process Claims**

**i. Fourteenth Amendment Procedural Due Process**

The undersigned will consider whether the SAC can be liberally construed to allege any other cognizable claims. Generally, the issuance of allegedly false RVRs can state a § 1983 claim in two situations: (1) where the incarcerated person is denied procedural due process during the ensuing prison disciplinary proceeding that resulted in a deprivation of a protected liberty interest; and (2) the false allegations are in retaliation for the prisoner engaging in protected activities. See Butts v. Ibarra, No. 1:20-cv-0273 EPG PC, 2020 WL 4676375, at *4 (E.D. Cal. Aug. 12, 2020) (citations omitted), report and recommendation adopted, No. 1:20-cv-0273 AWI EPG PC, 2020 WL 6020409 (E.D. Cal. Oct. 9, 2020).

The SAC does not allege any retaliation by defendants. As to a potential Fourteenth Amendment procedural due process claim, plaintiff does not allege any procedural issues during the RVR hearing. He alleges only that he provided a copy of the allegedly false RVRs to the hearing officer, defendant Benedyuk, who then "failed to investigate the fraudulent [RVRs]" and found plaintiff guilty. (ECF No. 25 at 9.) Accordingly, because plaintiff has not identified any procedural violations during the hearing, the undersigned finds that the SAC does not state any due process claims relating to the allegedly false RVRs.

**ii. Devereaux Exception for Criminal Charges**

Because plaintiff alleges defendants planted the drugs that formed the basis of his RVR, the undersigned will also consider whether his SAC states a cognizable falsification of evidence claim pursuant to Devereaux v. Abbey, 263 F.3d 1070 (9th Cir. 2001) (en banc) ("Devereaux"). In Devereaux, the Ninth Circuit held that "there is a clearly established constitutional due process right not to be subjected to criminal charges on the basis of false evidence that was deliberately fabricated by the government." 263 F.3d at 1074-75.

There is disagreement in this District whether Devereaux claims are cognizable in the RVR hearing context. Compare Chappell v. Bess, No. 2:01-cv-1979 KJN P, 2012 WL 3276984, at *22–23 (E.D. Cal. Aug. 9, 2012) (denying summary judgment to defendants on Devereaux claim where plaintiff alleged defendants planted the drugs that formed the basis of his RVR and

criminal referral), with Hinton v. Mix, No. 1:24-cv-0960 KES BAM (PC), 2025 WL 1569053, at *10 (E.D. Cal. June 3, 2025) (screening out due process claim based on alleged falsified evidence in RVR hearing and noting that "the Ninth Circuit has not held that such prison disciplinary proceedings are sufficient for a Devereaux claim"), report and recommendation adopted, No. 1:24-cv-0960 KES BAM (PC), 2025 WL 1918564 (E.D. Cal. July 11, 2025).[1]  While the Ninth Circuit has not addressed this specific question, it has entertained Devereaux falsification of evidence claims in other administrative contexts.  See, e.g., Costanich v. Dep't of Soc. & Health Servs., 627 F.3d 1101 (9th Cir. 2010) (denying summary judgment on a fabrication of evidence claim against a defendant based on evidence that the defendant falsified evidence that was used in an administrative proceeding, and which led to the revocation of Plaintiff's foster care license and loss of guardianship of two minor children).  Therefore, at this early stage of the case and without the benefit of briefing by defendants, the undersigned will proceed to screen plaintiff's claim.

"To prevail on a § 1983 claim of deliberate fabrication, a plaintiff must prove that (1) the defendant official deliberately fabricated evidence and (2) the deliberate fabrication caused the plaintiff's deprivation of liberty."  Spencer v. Peters, 857 F.3d 789, 798 (9th Cir. 2017) (citations omitted).  To establish the second element of causation, the plaintiff must show that (a) the act was the cause in fact of the deprivation of liberty, meaning that the injury would not have occurred in the absence of the conduct; and (b) the act was the 'proximate cause' or 'legal cause' of the injury, meaning that the injury is of a type that a reasonable person would see as a likely result of the conduct in question."  Id. at 798 (citations omitted).

Regarding the first element, plaintiff adequately alleges defendant Herrera deliberately planted the drugs in his cell.  (ECF No. 25 at 10.)  As to the second, plaintiff alleges that he was

---

[1] Judges in other districts within this Circuit have also found Devereaux inapplicable to prison disciplinary proceedings.  See, e.g., Garcia v. Kernan, No. 18-cv-2313 JLS (MSB), 2019 WL 3429175, at *9 (S.D. Cal. July 30, 2019) (holding Devereaux does not apply to "administrative measures" such as "prison segregation and internal disciplinary procedures[.]"); Strohmeyer v. Belanger, No. 3:14-cv-0661 RCJ WGC, 2021 WL 1097344, at *18 (D. Nev. Mar. 3, 2021) ("Plaintiff has cited no authority, and the court is aware of none, extending the holding of Devereaux to prison disciplinary proceedings."), report and recommendation adopted, No. 3:14-cv-0661 RCJ WGC, 2021 WL 1687116 (D. Nev. Mar. 22, 2021), aff'd sub nom. Strohmeyer v. Beguefuth, No. 21-15760, 2023 WL 3477832 (9th Cir. May 16, 2023).

denied parole "based on" the false RVRs. (Id.) This provides the necessary causal element, and at least one court has found similar allegations to rise to a deprivation of liberty for purposes of Deveraux. See Ransom v. Herrera, No. 1:11-cv-1709 LJO EPG PC, 2017 WL 2833396, at *7 (E.D. Cal. June 30, 2017) (screening in Devereaux claim where false RVR was allegedly used to deny parole and put off plaitniff's next parole hearing for 10 years), report and recommendation adopted, No. 1:11-cv-1709 LJO EPG PC, 2017 WL 3282855 (E.D. Cal. Aug. 2, 2017).

However, the RVR charges in Ransom that impacted the parole decision were ultimately not sustained. 2017 WL 2833396, at *7. Here, plaintiff's complaint states he was found guilty at the RVR hearing but does not allege the decision was ever overturned. Thus, because success on plaintiff's due process claim would necessarily call into the question the basis for the RVR, and his continuing confinement by extension, his claim is barred by Heck v. Humphrey, 512 U.S. 477, 487 (1994). As the Ninth Circuit has explained in the context of parole denials:

> Few things implicate the validity of continued confinement more directly than the allegedly improper denial of parole. This is true whether the denial is alleged to be improper based upon procedural defects in the parole hearing or upon allegations that parole was improperly denied on the merits. Appellant's civil claim for damages amounts to a collateral attack on his denial of parole and subsequent incarceration. Heck does not permit this.

Butterfield v. Bail, 120 F.3d 1023, 1024 (9th Cir. 1997) (holding Heck barred plaintiff's §1983 claim alleging parole board violated his due process rights in relying on false information in his prison file to find him ineligible for parole.). Accordingly, plaintiff has not stated a cognizable due process claim for falsification of evidence.

### C. Leave to Amend

Plaintiff will be given leave to amend his § 1983 claims. Should plaintiff pursue a Fourteenth Amendment due process claim, he is reminded that the issuance of a false RVR does not, in and of itself, violate due process. See Harper v. Costa, 2009 WL 1684599, at *2-3 (E.D. Cal., June 16, 2009), aff'd, 393 Fed. App'x. 488 (9th Cir. 2010) ("Although the Ninth Circuit has not directly addressed this issue in a published opinion, district courts throughout California . . . have determined that a prisoner's allegation that prison officials issued a false disciplinary charge against him fails to state a cognizable claim for relief under § 1983.") "These courts have

1  reasoned that the focus of the analysis is on the process required by law and have thus concluded
2  that false accusations do not violate the due process clause of the Fourteenth Amendment so long
3  as the inmate is afforded the procedural protections required by federal law at the disciplinary
4  hearing." Goodwin v. Salagubang, No. 2:18-cv-0363 JAM DMC, 2019 WL 2026507, at *2 (E.D.
5  Cal. May 8, 2019) (collecting cases); see also Muhammad v. Rubia, 2010 WL 1260425, at *3
6  (N.D. Cal., Mar. 29, 2010), aff'd, 453 Fed. App'x 751 (9th Cir. 2011) ("As long as a prisoner is
7  afforded procedural due process in the disciplinary hearing, allegations of a fabricated charge fail
8  to state a claim under § 1983.").

9       If plaintiff amends to challenge the procedures during his RVR hearing, he is advised that
10 the required procedural protections during such hearings include a written statement at least
11 twenty-four hours before the hearing that includes the charges, a description of the evidence
12 against the incarcerated person, and the rights to call witnesses, to present documentary evidence,
13 and to have a written statement by the factfinder as to the evidence relied upon and the reasons
14 for the disciplinary action taken. Serrano v. Francis, 345 F.3d 1071, 1077-78 (9th Cir. 2003)
15 (citing Wolff v. McDonnell, 418 U.S. 539, 564-71 (1974)). As a constitutional matter, these
16 protections "adhere only when the disciplinary action implicates a protected liberty interest,"
17 meaning that the discipline imposed will inevitably affect the duration of plaintiff's sentence or
18 cause an "atypical and significant hardship on plaintiff in relation to the ordinary incidents of
19 prison life." Id. at 1078 (citing, *inter alia*, Sandin, 515 U.S. at 484, 487).

20      Finally, plaintiff will be given any opportunity to amend his falsification of evidence
21 claim and plead, if he can, that the allegedly false RVR has been reversed, expunged, invalidated,
22 or impugned by the grant of writ of habeas corpus. See Trimble v. City of Santa Rosa, 49 F.3d
23 583, 585 (9th Cir. 1995). If he cannot, plaintiff is advised that he must challenge the allegedly
24 RVR through habeas. See Dotson v. Wilkinson, 329 F.3d 463, 472 (6th Cir. 2003) (en banc).

25     **II.**    **Conspiracy, 42 U.S.C. §§ 1985, 1986**
26      Plaintiff alleges all defendants conspired to violate his civil rights in violation of §§ 1985
27 and 1986. The undersigned construes the first claim as alleging a conspiracy to deprive a person
28 of rights under § 1985(3). The elements of a § 1985(3) claim are: (1) a conspiracy, (2) to deprive

any person or a class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws, (3) an act by one of the conspirators in furtherance of the conspiracy, and (4) a personal injury, property damage or a deprivation of any right or privilege of a citizen of the United States. Gillespie v. Civiletti, 629 F.2d 637, 641 (9th Cir.1980) (citing Griffin v. Breckenridge, 403 U.S. 88, 102-03 (1971)).

"A claim under § 1985 must allege specific facts to support the allegation that defendants conspired together. A mere allegation of conspiracy without factual specificity is insufficient." Karim–Panahi v. Los Angeles Police Dept., 839 F.2d 621, 626 (9th Cir. 1988) (citations omitted). The undersigned finds that the alleged inconsistencies in defendants Herrera's and Fausel's RVRs, as well as the supplemental reports drafted after the fact to resolve those inconsistencies, minimally support the inference of a conspiracy as to those defendants only. However, the second, "equal protection" element requires an allegation that the alleged conspirators were motivated to deprive plaintiff of his civil rights by some racial or otherwise class-based animus. Bray v. Alexandria Women's Health Clinic, 506 U.S. 263, 268 (1993). Plaintiff alleges a conspiracy to plant drugs and draft fraudulent RVRs, ECF No. 25 at 11-12, but does not allege any race or other class-based motivation behind the conspiracy.

Moreover, plaintiff cannot state a conspiracy claim under § 1985 in the absence of a claim for deprivation of rights under § 1983. See Caldeira v. Cnty. of Kauai, 866 F.2d 1175, 1182 (9th Cir.1989) (holding that "the absence of a section 1983 deprivation of rights precludes a section 1985 conspiracy claim predicated on the same allegations")). As plaintiff has not stated an underlying § 1983 claim regarding the RVRs, he may not proceed on a separate § 1985(3) conspiracy theory.

Finally, "[s]ection 1986 authorizes a remedy against state actors who have negligently failed to prevent a conspiracy that would be actionable under § 1985." Cerrato v. San Francisco Community College District, 26 F.3d 968, 971 n.7 (9th Cir. 1994). "A claim can be stated under [§ ] 1986 only if the complaint contains a valid claim under [§ ] 1985." Karim–Panahi, 839 F.2d at 626. Therefore, because Plaintiff fails to state a claim under § 1985, he likewise fails to state a claim under § 1986.

**III.     Failure to State a Claim**

Having conducted the screening required by 28 U.S.C. § 1915A, the court finds that the complaint does not state a valid claim for relief pursuant to the Eighth Amendment for defendants' issuance of allegedly false RVRs.  Because of these defects, the court will not order the complaint to be served on defendants.

Leave to amend should be granted if it appears possible that the defects in the complaint could be corrected, especially if a plaintiff is pro se.  Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc).  The undersigned will allow plaintiff to fix these problems by filing an amended complaint.  In deciding whether to file an amended complaint, plaintiff should pay attention to the legal standards governing his potential claims for relief that are provided above.

If plaintiff chooses to file an amended complaint, he must demonstrate how the conditions about which he complains resulted in a deprivation of his constitutional rights.  Rizzo, 423 U.S. at 370-71.  The complaint must also allege in specific terms how each named defendant is involved. Arnold v. Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981).  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Id.; Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient."  Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

Plaintiff is also informed that the court cannot refer to a prior pleading in order to make his amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes any prior complaints.  Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967) (citations omitted).  Once plaintiff files an amended complaint, any previous complaint no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

**PLAIN LANGUAGE SUMMARY OF THIS ORDER FOR PARTY PROCEEDING WITHOUT A LAWYER**

Your complaint will not be served because the facts alleged are not enough to state a

10

claim. You are being given a chance to fix these problems by filing an amended complaint. If you file an amended complaint, pay particular attention to the legal standards provided above regarding your potential claims. Be sure to provide facts that show exactly what each defendant did to violate your rights. **Any claims and information not in the amended complaint will not be considered.**

## CONCLUSION

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's complaint fails to state a claim upon which relief may be granted, see 28 U.S.C. § 1915A(b)(1), and will not be served.

2. Within thirty days from the date of service of this order, plaintiff may file an amended complaint that complies with the requirements of 42 U.S.C. § 1983, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must bear the docket number assigned this case, **2:23-cv-01846 DJC SCR P**, and must be labeled **"Third Amended Complaint."**

3. Failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

4. The Clerk of the Court is directed to send plaintiff a copy of the prisoner complaint form used in this district.

DATED: October 27, 2025

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE